IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MOHAMMAD SHARIFI, # Z-709,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00267-TFM-B |
| | * |
| **TERRY RAYBON,** *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] Plaintiff Mohammad Sharifi, an Alabama death row inmate proceeding *pro se*, commenced this action by filing a handwritten complaint. (Doc. 1). When he commenced this action, Sharifi did not pay the filing fee for a civil action, nor did he file a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). Upon review of Sharifi's complaint and prior litigation history, it is recommended that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g), because Sharifi is barred from proceeding *in forma pauperis* and did not pay the filing fee when he initiated this action.

**I.   Section 1915(g) and Sharifi's Litigation History.**

Section 1915(g) provides:

---

[1] This action has been referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1). (Doc. 3).

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this provision is to curb abusive prisoner litigation by requiring a prisoner who has had three or more actions or appeals dismissed as meritless to pay the full filing fee at the time he initiates suit when his next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (quoting 28 U.S.C. § 1915(g)), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007).

Because Sharifi is a prisoner who did not pay the fees to bring this civil action, the Court conducted a nationwide review of the civil records of the United States District and Appellate Courts to determine whether Sharifi has had three or more actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be

2

granted.[2]  From those records, the Court discovered that Sharifi has had at least three actions or appeals dismissed for one or more of the foregoing reasons, including Sharifi v. Broussard, No. 1:23-cv-00157-KD-B (S.D. Ala. July 5, 2023) (action dismissed as frivolous and malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1)), aff'd sub nom. Sharifi v. Dist. Att'y of Madison Cnty., No. 23-12396 (11th Cir. May 8, 2024); Sharifi v. Hamm, No. 5:22-cv-00826-RDP-NAD (N.D. Ala. Mar. 8, 2024) (action dismissed for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915A(b)(1)); and Sharifi v. Broussard, No. 5:23-cv-00661-LSC-NAD (N.D. Ala. Nov. 18, 2024) (action dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1)).

Thus, Sharifi qualifies as a "three-striker" under 28 U.S.C. § 1915(g) who "must pay the full filing fee at the time he *initiates* suit."  See Dupree, 284 F.3d at 1236 (concluding that the proper procedure is for the district court to dismiss an action without prejudice when an inmate subject to the three-strikes provision of § 1915(g) does not pay the filing fee in full at the time he

---

[2] This Court may take judicial notice of its own records and the records of other federal courts.  Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

3

initiates the suit, and that a three-strikes plaintiff cannot pay the filing fee after filing suit as a retroactive cure). Because Sharifi did not pay the full filing fee at the time he initiated this lawsuit, the present action is due to be dismissed without prejudice unless Sharifi falls within the exception to § 1915(g).

To satisfy § 1915(g)'s imminent danger exception, Sharifi's complaint must "plausibly allege imminent danger of serious physical injury." Daker v. Robinson, 802 F. App'x 513, 515 (11th Cir. 2020) (per curiam). In order to come within the exception, an inmate must be in imminent danger at the time he files suit in district court. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Allegations of past harm are "insufficient to meet the imminent-danger requirement." Daker, 802 F. App'x at 515 (citing Medberry, 185 F.3d at 1193).

Sharifi's complaint does not plausibly allege that Sharifi was in imminent danger of serious physical injury at the time he filed his complaint, or at any other time. Most of the complaint consists of vulgar, obscene, and irrelevant rantings that the Court will not repeat. However, it appears that Sharifi is complaining about his lack of access to a law library computer and seeking to have the Court order correctional officials to provide a certain level of law library access to him and other prisoners. (See Doc.

4

1 at 1-2, 6).  These allegations clearly do not fall within § 1915(g)'s imminent danger exception.  See Daker v. Jackson, 942 F.3d 1252, 1257-58 (11th Cir. 2019) (rejecting challenge to § 1915(g) based on access-to-the-courts concerns and finding that access to the courts claim did not meet the imminent danger of serious physical injury exception to § 1915(g)); Young v. United States, 2021 U.S. Dist. LEXIS 271265, at *2, 2021 WL 12224769, at *1 (N.D. Ga. Feb. 18, 2021) (finding plaintiff's "arguments that his access to the courts has been blocked . . . clearly insufficient to fall within the exception to § 1915(g) for 'imminent danger of serious physical injury'"), report and recommendation adopted, 2021 U.S. Dist. LEXIS 271273, 2021 WL 12224768 (N.D. Ga. Mar. 22, 2021).

Because Sharifi is a three-striker who does not fall within § 1915(g)'s imminent danger exception, he is barred from proceeding without prepayment of the full filing fee in this action, and his complaint is consequently due to be dismissed without prejudice.

**III. Conclusion.**

For the reasons set forth above, the undersigned recommends that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g), because Sharifi is a three-striker who does not

meet § 1915(g)'s imminent danger exception and did not pay the statutory filing fee when he initiated this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **2nd** day of **July, 2025.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**