IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOHAMMAD SHARIFI, #Z-709,           ) | |
| ) | |
| Plaintiff,                                                ) | |
| ) | |
| vs.                                                            ) | CIV. ACT. NO. 1:25-cv-267-TFM-B |
| ) | |
| TERRY RAYBON, *et al.*,                      ) | |
| ) | |
| Defendants.                                         ) | |

**MEMORANDUM OPINION AND ORDER**

On July 2, 2025, the Magistrate Judge entered a Report and Recommendation which recommends dismissal without prejudice pursuant to 28 U.S.C. § 1915(g).  *See* Doc. 4.  On July 14, 2025, Plaintiff filed obsence and profanity laden objections.  *See* Doc. 5.  Then on July 25, 2025, the Court received an additional document which are also nonsensical and make numerous allegations against the defendants and other persons.  The Report and Recommendation is ripe for review.

Having reviewed the objections, the Court finds they are without merit and are **OVERRULED**.  However, the Court must note that the objections were initially docketed under seal because of their profane comments directed at the Magistrate Judge.  Those comments are certainly inappropriate and will be referred to the United States Marshal for review as appropriate. Yet, the Court must also consider public access to courts.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Further, "[t]he operations of courts and the judicial conduct of judges are matters of utmost public concern."  *Landmark Communications, Inc. v.*

*Virginia*, 435 U.S. 829, 839 (1978)). "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). The Eleventh Circuit recently reaffirmed the need for "resolute" enforcement of the presumption that the public should have access to judicial records. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1359 (11th Cir. 2021). "What happens in the halls of government is presumptively public business. Judges deliberate in private, but issue public decisions after public arguments based on public records." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). The common-law right of access favors access to judicial records and includes "the right to inspect and copy public records and documents." *Chicago Tribune*, 263 F.3d at 1311. However, the right is not absolute. *Id*. It does not apply to discovery, and where it does apply, it may be overcome by a showing of good cause. *Romero*, 480 F.3d at 1245.

"[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune*, 263 F.3d at 1311-12; *see also Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1166 (11th Cir. 2019) (quoting *FTC v. AbbVie Prods., LLC*, 713 F.3d 54, 62 (11th Cir. 2013)) ("The common law right of access to judicial records establishes a general presumption that criminal and civil actions should be conducted publicly and includes the right to inspect and copy public records and documents. It is an essential component of our system of justice' and 'is instrumental in securing the integrity of the process.") (internal quotations and modifications omitted). "[T]he need for public access to discovery is low because discovery is 'essentially a private process . . . the sole

purpose of which is to assist trial preparation.'" *Romero*, 480 F.3d at 1245 (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)). In short, the distinction lies in the comparison of "material filed with discovery motions and material filed in connection with more substantive motions." *Chicago Tribune*, 263 F.3d at 1312. By way of an example, attachments to a motion to compel are not subject to the common-law right, whereas attachments to pretrial motions which require judicial resolution on the merits are subject to the common-law right. In the latter category, one may only overcome the common-law right by a showing of good cause. *Romero*, 480 F.3d at 1246. This standard parallels the "good cause" standing of Federal Rule of Civil Procedure 26(c) governing protective orders. The good cause "standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune*, 263 F.3d at 1313. When considering that balancing test, the *Romero* Court stated as follows:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted).

At present, these matters do not appear to fall within discovery as they are part of the report and recommendation and the disposition of this case. Therefore the public access to courts analysis

is triggered. As inappropriate as the language is, the undersigned cannot find that sealing the document outweighs the public access to courts, especially as they relate to process and review of dismissing this case. Moreover, they are no worse than the original complaint in the inappropriate nature of the language including vulgarities and profanities – the sole distinction is that the objections are directed at the assigned Magistrate Judge. While the undersigned certainly finds the slurs directed at the Magistrate Judge to be distasteful, this document is presumptively public. Therefore, the Clerk of Court is **DIRECTED** to unseal the objections (Doc. 5) on the docket sheet.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, this case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 30th day of July, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE